UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
MUNA EL FITURI,                                    :
                                                   :
                              Plaintiff,           :   Case No: 1:19-cv-2791
                                                   :
            -against-                              :   **COMPLAINT**
                                                   :
BERNATH & ROSENBERG, C.P.A., P.C.,                 :
                                                   :
                              Defendant.           :
                                                   :
-------------------------------------------------------------x

Muna El Fituri ("Fituri"), by her attorneys, for her complaint against Bernath & Rosenberg, C.P.A., P.C. ("Bernath") alleges:

### JURISDICTION AND VENUE

1.      The Court has diversity jurisdiction over the defendant pursuant to 28 U.S.C. §1332(a)(2).

2.      Venue is proper in the Southern District of New York under 28 U.S.C. §1391(b), (c) and (d).

### PARTIES

3.      Plaintiff Fituri is a citizen of the Dominican Republic with a residence at 2630 Glendower Avenue, Los Angeles, California 90027.

4.      Upon information and belief, defendant Bernath is a New York professional corporation with its principal place of business located at 1430 Broadway, 7th Floor, New York, New York 10018.

### FACTUAL ALLEGATIONS

5.      Fituri was born in Libya and raised in Monaco and France. Fituri came to the United States to attend college, subsequently living in both the United States and Europe until

2002.  She became proficient in English, which is not her first language, in college.  She has a Bachelor of Arts degree in Psychology from Williams College and a Master's degree in Art Therapy from New York University.  She has no background in tax or financial matters.  She has no business experience and, at all relevant times, was not employed.

6. Fituri's Mother passed away in 1996.  She died domiciled in the Principality of Monaco.  She left various assets to Fituri in the Principality of Monaco and in France.

7. Fituri's Father passed away in 2002.  He died domiciled in the Dominican Republic.  He left substantial assets in various countries (mostly in the Principality of Monaco, Switzerland, and Dominican Republic) to Fituri and other relatives.

8. Fituri's Father set up four Liechtenstein foundations and transferred a total of eight properties located in the Principality of Monaco into these foundations.

9. In 2009, Fituri retained the law firm of Holland & Knight LLP ("Holland") to address certain alleged deficiencies in her international tax reporting to the Internal Revenue Service ("IRS").

10. Upon the advice of Holland, Fituri entered into the IRS Offshore Voluntary Disclosure Program ("OVDP") to resolve her tax reporting and payment issues.

11. Upon Holland's recommendation, Fituri and Holland retained Bernath to prepare Fituri's tax returns and assist with the OVDP.

12. At the inception of Fituri's relationship with Bernath, Fituri informed Bernath about her background, both personal and financial, the fact that Fituri was a beneficiary of her Parents' foreign estates, and other relevant information that would impact Fituri's tax filings.

13. Fituri understood that Bernath was an experienced accounting firm with expertise in international reporting, and that Bernath could advise her on all of her international tax reporting and payment obligations to the IRS.

14. Fituri retained counsel in Switzerland ("Swiss Counsel") to assist her in obtaining information in relation to the assets she inherited in Europe and to represent her in matters relating to her Parents' estates.

15. Fituri relied on Bernath to review her relevant financial information and timely file tax returns on her behalf.

16. Fituri and her Swiss Counsel made themselves available to answer any questions from Bernath.

17. In 2012, Fituri's OVDP matter was resolved.

18. Pursuant to the OVDP proceeding, Bernath was made well familiar with Fituri's finances and her Parents' substantial foreign estates, and had direct access to both Fituri and her Swiss Counsel to request any information necessary to complete Fituri's tax filings.

19. On April 30, 2012, Fituri entered into a new engagement agreement with Bernath.

20. In February 2014, Bernath began requesting information to prepare Fituri's 2013 income tax returns. In response, both Swiss Counsel and Fituri provided the requested information.

21. Bernath filed a request for an extension with the IRS and the deadline to file Fituri's 2013 income tax returns was extended to October 15, 2014.

22. Thereafter, both Fituri and Swiss Counsel followed up with Bernath on a regular basis to confirm that Fituri's income tax returns were being prepared and inquired whether additional information was needed.

23. Bernath failed to file Fituri's 2013 income tax returns on the purported grounds that they did not have complete information regarding her foreign interest income.

24. Bernath plainly should have estimated her foreign interest income, attached a disclosure statement regarding the estimate and filed the return along with an IRS Form 3520 by the filing deadline.

25. When Fituri subsequently learned that her 2013 income tax returns had not been timely filed, she and her Swiss Counsel continuously followed up with Bernath to request that Bernath file the returns.

26. Bernath also filed an extension with the IRS for Fituri's 2014 income tax returns.

27. Notwithstanding the efforts of Fituri and her Swiss Counsel to forward the necessary international financial information to Bernath, Bernath did not file Fituri's 2014 tax returns by the extended October 15, 2015 deadline.

28. Moreover, Bernath incorrectly advised Fituri that her 2014 income tax returns could not be filed until her 2013 tax returns were filed.

29. Bernath had Fituri's foreign and domestic bank records necessary to prepare Fituri's 2014 income tax returns. Had they properly reviewed these records, Bernath would have seen a large increase in Fituri's bank balance. This increase was attributable to distributions from Fituri's Father's estate and Fituri's Mother's estate, which were reportable on an IRS Form 3520.

30. Despite the fact that Bernath had access to Fituri's bank records and knew that Fituri was a beneficiary of her Parents' substantial estates, Bernath failed to address the substantial increase in Fituri's account balance as a result of distributions from her Father's and Mother's estates.

31. Fituri and her Swiss Counsel were available to discuss Fituri's 2013 and 2014 tax matters, but Bernath failed to engage in the necessary due diligence to prepare the IRS Forms 3520 to report the foreign estate distribution to Fituri.

32. Despite having full knowledge of Fituri's involvement in the OVDP, the substantial foreign estates of her Parents and bank statements showing very large increases in her bank balance, Bernath did not advise Fituri of the issue of filing IRS Forms 3520 for her during the tax years 2013 through 2015 and the penalties that could be assessed for its failure to do so.

33. On October 22, 2015, the IRS issued an audit notice regarding Bernath's failure to file Fituri's 2013 federal income tax return.

34. Upon receipt of the audit notice, Fituri promptly contacted Bernath. Bernath incorrectly responded that based on the information they had received, the foreign tax credit would offset any taxes due.

35. Bernath informed Fituri that it was not uncommon to receive a letter from an IRS agent requesting a delinquent tax return.

36. Bernath also failed to timely file Fituri's tax returns for 2015.

37. In light of the IRS audit notice, Bernath continued to represent Fituri with respect to its failure to timely file Fituri's individual tax returns for 2013 through 2015 until September 2016 when Fituri obtained new accountants to represent her with respect to the IRS audit.

38. The IRS assessed penalties of $893,430 against Fituri due to Bernath's failure to file IRS Forms 3520 for 2013 through 2015.

39. After incurring significant professional fees, Fituri was able to get these penalties abated.

40. Had Bernath filed IRS Forms 3520 for Fituri during the tax years 2013 through 2015 with appropriate disclosure statements, Fituri would not have been subjected to the large penalties assessed against her by the IRS and the various professional fees she had to incur to have these penalties abated.

41. Fituri has incurred professional fees in excess of $140,000 as a result of Bernath's failure to file her 2013, 2014 and 2015 tax returns and its failure to file IRS Forms 3520 (with appropriate disclosure statements) during these years, as well as its incorrect and negligent advice and conduct.

## CAUSES OF ACTION

### First Cause of Action

**(Professional Negligence)**

42. Fituri realleges paragraphs 1 through 41 of the Complaint as if fully set forth herein.

43. Fituri contracted Bernath to provide tax and accounting services.

44. Bernath's professional services departed from the accepted standards of practice in the tax and accounting field.

45. Bernath failed to timely file Fituri's tax returns for the years 2013, 2014 and 2015.

46. Bernath failed to file IRS Forms 3520 (with appropriate disclosures) on behalf of Fituri during the years 2013, 2014 and 2015.

47. Bernath failed to advise Fituri of the potential penalties for its failure to file her tax returns or IRS Forms 3520.

48. Bernath failed to conduct proper due diligence of Fituri's financial and accounting records.

49. Bernath failed to advise Fituri of important tax issues and gave Fituri incorrect advice regarding same.

50. Bernath's departure from the accepted standards of practice proximately caused injury to Fituri.

51. By reason of the foregoing, Bernath has caused damages to Fituri.

52. Fituri is therefore entitled to damages in excess of $140,000.00, plus such additional amounts that Fituri proves at trial.

## PRAYER FOR RELIEF

WHEREFORE, Fituri respectfully requests judgment against Bernath as follows:

1. Awarding Fituri damages in an amount to be proven at trial, but in an amount not less than $140,000.00, plus interest;

2. Awarding Fituri the costs and disbursements of this action, including her reasonable attorneys' fees and court costs; and

3. Awarding such other relief as the Court deems just and proper.

Dated: March 28, 2019

                        **MOREA SCHWARTZ BRADHAM**
                        **FRIEDMAN & BROWN LLP**

                        By: /s/ John M. Bradham
                              John M. Bradham
                              Peter B. Katzman
                        444 Madison Avenue, 4th Floor
                        New York, New York 10022
                        Tel: (212) 695-8050
                        Email: jbradham@msbllp.com
                                  pkatzman@msbllp.com

                        *Attorneys for Plaintiff*
                        *Muna El Fituri*